

2021 FEB 25  P 12: 51

CAROL L. MICHEL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**



# FELONY

**INDICTMENT FOR CONSPIRACY TO DEFRAUD THE**
**UNITED STATES AND VIOLATE THE PROCUREMENT INTEGRITY**
**ACT AND FALSE STATEMENTS TO FEDERAL AGENTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 21-0018** |
| **v.** | * | **SECTION SECT. S MAG. 5** |
| **JOHNNY C. GUILLORY, SR.** | * | **VIOLATIONS:** 18 U.S.C. § 371 |
| | * | 18 U.S.C. § 1001 |
| | * * * | |

The Grand Jury charges that:

## COUNT 1

**A.  AT ALL TIMES MATERIAL HEREIN:**

1.    The U.S. Strategic Petroleum Reserve ("SPR") is the United States' emergency supply of crude oil that is stored in underground salt caverns along the Gulf of Mexico in Louisiana and Texas.

2.    The U.S. Department of Energy is responsible for managing the SPR, and operates its sites through a prime contractor (sometimes referred to as the M&O contractor), Fluor Federal Petroleum Operations LLC ("Fluor"), which has held the prime contract since 2013.   Fluor is a

___Fee_____
___Process_____
_X_Dktd_____
___CtRmDep_____
___Doc.No._____

special-purpose company formed for the sole purpose of managing and operating the SPR under the prime contract. From 1993 to 2013, DynMcDermott Petroleum Operations Company ("DynMcDermott") held the prime contract.   One of the responsibilities of the prime contractor is procuring subcontracts for goods and services for the SPR that are paid for by federal funds.

3.      The management offices of Fluor and the U.S. Department of Energy personnel responsible for SPR procurement are located in New Orleans, Louisiana.   The four storage sites of the SPR are: (1) Bryan Mound, Texas (2) Big Hill, Texas (3) West Hackberry, Louisiana and (4) Bayou Choctaw, Louisiana.

4.      From on or about March 1993 through approximately April 2015, the defendant, **JOHNNY C. GUILLORY, SR.**, was employed by Fluor and DynMcDermott as a field Workover Manager and Subcontract Management Technical Representative ("SMTR").   The SMTR acts as the administrative and field technical point of contact for site management. The SMTR is responsible for administering and overseeing the various subcontracts needed to run the site.   This includes creating non-public pricing and cost estimates and setting the scope of work for the subcontractor bid process.   By virtue of his employment, **GUILLORY** had access to confidential contractor bid and proposal information and source selection information.

5.      Cajan Welding & Rentals, Ltd. ("Cajan"), is a Louisiana company located in Opelousas, Louisiana, and was owned by Co-Conspirator A prior to his death.   Cajan was a subcontractor for the U.S. Department of Energy that primarily provided maintenance services and equipment rentals to the SPR sites.

6.      Whenever in this Indictment reference is made to any act, deed or transaction of Cajan, the allegation means that Cajan engaged in the act, deed, or transaction by or through its

officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control or transaction of its business or affairs.

7.     **GUILLORY** and Co-Conspirator A had a personal, familial and business relationship.   Additionally, **GUILLORY** had a financial relationship with Cajan.

8.     On or about July 29, 2008, **GUILLORY** signed a DynMcDermott Conflict of Interest Disclosure form.   He did not disclose his relationship with Co-Conspirator A or Cajan on this form.

9.     On or about February 21, 2014, **GUILLORY** signed a Fluor Code of Business Conduct and Ethics Certification form.   He did not disclose his relationship with Co-Conspirator A or Cajan on this form.

10.     Fluor and DynMcDermott generally used a competitive bid process to acquire goods and services from the public for the SPR.   Competitive bids were used so that the government could obtain the best value and quality for all goods and services provided.   For subcontracts that did not require or receive multiple bids, procurement officials relied upon the internal non-public cost estimate to determine if bid pricing was fair and reasonable.

11.     The procurement process was designed to prevent unauthorized disclosures of sensitive government source selection information, including internal non-public cost estimates. In order to protect the integrity of the procurement process, it was important that no contractor received an advantage over another contractor in the award of any particular contract.   In order to protect the integrity of the procurement process and to promote competition among contractors, the unauthorized disclosure of sensitive government source selection information, including internal non-public pricing and cost estimates, was prohibited.

**B.**   **THE CONSPIRACY:**

From at least as early as February 2002 and continuing at least as late as October 2016, in the Eastern District of Louisiana and elsewhere, the defendant, **JOHNNY C. GUILLORY, SR.,** did knowingly combine, conspire, confederate and agree with Cajan and with others known and unknown to the grand jury:

1.      to defraud the United States of and concerning its governmental functions and rights to have its business and its affairs, and particularly the function of the United States to have a competitive and unbiased procurement process, and transaction of the official business of the U.S. Department of Energy, conducted honestly and impartially, free from corruption, fraud, improper and undue influence, dishonesty, unlawful impairment and obstruction; and

2.      to knowingly disclose and obtain contract bid and proposal information, and source selection information, before the award of federal procurement contracts to which the information related, in connection with solicitations issued on behalf of the U.S. Department of Energy for operation of the SPR to obtain or give a person a competitive advantage in the award of the contracts, in violation of Title 41, United States Code, Sections 2102 (a) and (b) and 2105(a).

The charged conspiracy consisted of a continuing agreement and understanding, among **GUILLORY**, Cajan, and others, the substantial objects of which were to corrupt and impair the government procurement process, and for **GUILLORY** to provide non-public pricing and cost information to Cajan, and otherwise favor Cajan in the award and administration of subcontracts for the SPR of the U.S. Department of Energy, in order for Cajan to obtain subcontract awards and receive payments from the U.S. Department of Energy.

4

### C.   MANNER AND MEANS:

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1.   **GUILLORY**, in his official capacity as SMTR, created non-public pricing and cost estimates for equipment and services needed to operate the SPR.   These pricing and cost estimates were provided to Fluor and DynMcDermott procurement officials to prepare bid solicitations and to evaluate bid proposals received from vendors.

2.   **GUILLORY** also provided the same non-public source selection information, specifically, the pricing and cost estimates, to Cajan to give Cajan a competitive advantage in the contracting process.   **GUILLORY** did not disclose to procurement officials that he was providing these pricing and cost estimates to Cajan.

3.   Cajan utilized the non-public source selection information to prepare and submit its bid proposals to provide equipment and services to the SPR.

4.   From in or about February 2002 until in or about October 2016, Cajan was awarded over 50 subcontracts and received payments in excess of $15,000,000.00 from the U.S. Department of Energy.

5.   From in or about 2010 through in or about 2017, **GUILLORY** received financial benefits from Cajan.

### D.   OVERT ACTS:

In furtherance of the conspiracy and to effect the objects of the conspiracy, the defendant and his co-conspirators committed the following overt acts, among others, in the Eastern District of Louisiana and elsewhere:

1.      Prior to the July 6, 2006 award of subcontract number 4600000418 to Cajan for Mud Tank Services at all SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

2.      Prior to the January 28, 2008 award of subcontract number 4600000458 to Cajan for Depressuring Equipment at all SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

3.      Prior to the January 31, 2008 award of subcontract number 4600000461 to Cajan for Small Triplex Pump Services at all SPR Sites, **GUILLORY** provided Cajan with, and **CAJAN** utilized, the non-public pricing and cost estimates for the job.

4.      Prior to the February 5, 2008 award of subcontract number 4600000463 to Cajan for Break Trailer Services at all SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

5.      Prior to the June 19, 2008 award of subcontract number 4600000474 to Cajan for High Pressure Triplex Pump Services at all SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

6.      Prior to the January 6, 2009 award of subcontract number 4600000487 to **CAJAN** for Annulus & Hanger Testing at the Bayou Choctaw and West Hackberry SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

7.      Prior to the January 29, 2009 award of subcontract number 4600000492 to Cajan for Board Mats/Sills Services at all SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

6

8.      Prior to the April 9, 2009 award of subcontract number 4600000502 to Cajan for Rig Move Well to Well Services at all SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

9.      Prior to the December 2, 2010 award of subcontract number 4600000547 to Cajan for Depressuring Equipment at all SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

10.     Prior to the December 2, 2010 award of subcontract number 4600000550 to Cajan for Break Trailer Services at all SPR Sites, **GUILLORY** provided **CAJAN** with, and **CAJAN** utilized, the non-public pricing and cost estimates for the job.

11.     Prior to the January 6, 2011 award of subcontract number 4600000558 to Cajan for Small Triplex Pumps at all SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

12.     Prior to the February 28, 2012 award of subcontract number 4600000591 to Cajan for Hanger Test/Seal Services at all SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

13.     Prior to the March 6, 2012 award of subcontract number 4600000592 to Cajan for Board Mats / Sills Services at all SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

14.     Prior to the March 19, 2012 award of subcontract number 4600000595 to Cajan for Rig Move Well to Well Services at all SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

15.     Prior to the March 28, 2012 award of subcontract number 4600000593 to Cajan for Depressuring Equipment and Services at all SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

16.     Prior to the May 31, 2012 award of subcontract number 4600000603 to Cajan for Small Triplex Pump Services at all SPR Sites, **GUILLORY** emailed, and Cajan utilized, the non-public pricing and cost estimates for the job to Cajan.

17.     Prior to the July 25, 2012 award of subcontract number 4600000605 to Cajan for Mud Tank Services at all SPR Sites, **GUILLORY** emailed to Cajan, and Cajan utilized, the non-public pricing and cost estimates for the job.

18.     Prior to the November 14, 2013 award of subcontract number 4600000646 to Cajan for Depressuring Equipment and Services at all SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

19.     Prior to the April 15, 2014 award of a subcontract number 4600000666 to Cajan for Hanger Test/Seal Services at all SPR Sites, **GUILLORY** provided Cajan with, and Cajan utilized, the non-public pricing and cost estimates for the job.

20.     Prior to the November 20, 2014 award of a subcontract number 4600000680 to Cajan for High Pressure Triplex Pump Services at all SPR Sites, **GUILLORY** emailed to Cajan, and Cajan utilized, the non-public pricing and cost estimates for the job.

21.     Cajan received payments from U.S. Department of Energy funds, including payments dated on or about October 25, 2016 and October 27, 2016.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

On or about September 5, 2018, in the Eastern District of Louisiana and elsewhere, defendant **JOHNNY C. GUILLORY, SR.**, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the U.S. Department of Energy, an agency within the executive branch of the United States. Specifically, **GUILLORY** falsely told Special Agents of the U.S. Department of Energy that he did not provide Cajan with pricing information or any information that was not publicly available to Cajan. In truth and in fact, as **GUILLORY** then and there knew, his statement was false because on numerous occasions, he did email and provide to Cajan, prior to Cajan's bid submissions, the non-public pricing and cost estimates for equipment and services for the SPR; in violation of Title 18, United States Code, Section 1001(a)(2).

PETER G. STRASSER
UNITED STATES ATTORNEY


TRACEY N. KNIGHT
Assistant United States Attorney
Louisiana Bar Roll Number 23165


MEGAN LEWIS
Assistant Chief, Washington Criminal II Section
Antitrust Division, United States Department of Justice

New Orleans, Louisiana
February 25, 2021

9

FORM OBD-34

*No.*

# UNITED STATES DISTRICT COURT

Eastern _____ *District of* _____ Louisiana _____

_____ Criminal _____ *Division*

## THE UNITED STATES OF AMERICA

vs.

### JOHNNY C. GUILLORY, SR.

# INDICTMENT

**INDICTMENT FOR CONSPIRACY TO DEFRAUD THE UNITED STATES AND VIOLATE THE PROCUREMENT INTEGRITY ACT AND FALSE STATEMENTS TO FEDERAL AGENTS**

**VIOLATIONS:**   18 U.S.C. § 371
18 U.S.C. § 1001

*Filed in open court this* _____ *day of* _____ *A.D. 2021.*

_____ *Clerk*

*Bail, $* _____

TRACEY N. KNIGHT
**Assistant United States Attorney**