UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 21-18 |
| JOHNNY C. GUILLORY, SR. | SECTION: "S" |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion to Dismiss For Improper Venue** (Rec. Doc. 42) is **DENIED**.

### BACKGROUND

Defendant is charged with participating in a conspiracy to defraud the United States spanning from February 2002 to October 2016. The indictment charges him with sharing non-public pricing and cost information with Cajan Welding & Rentals, Ltd. ("Cajan") and otherwise favoring Cajan in the award and administration of subcontracts at the Strategic Petroleum Reserve (the "SPR"), a facility owned by the U.S. Department of Energy. The SPR's headquarters is located in New Orleans, although it has multiple sites across Louisiana and Texas.

The Department of Energy engages a prime contractor to operate and maintain the SPR. The prime contractor was headquartered in New Orleans, Louisiana for the entirety of the indicted scheme. Defendant worked for the prime contractor at the SPR, where he had access to the non-public pricing and cost information that he shared with Cajan. Defendant was also

involved in the procurement process at the SPR, coordinated out of the contractor's New Orleans headquarters, where bids were received and contract awards were made. Cajan submitted invoices to and received payments from the prime contractor's New Orleans headquarters over the course of the charged scheme, receiving over $15 million in payments from the Department of Energy over the course of the conspiracy. Defendant is charged with receiving financial benefits from Cajan.

In 2015, a grand jury sitting in the Eastern District of Louisiana and the Department of Energy's Office of Inspector General ("DOE OIG") began investigating irregularities in the procurement process at the SPR. As part of that ongoing investigation, DOE OIG Special Agents conducted a consensual interview of defendant at a Cajan equipment yard in Opelousas, Louisiana on September 5, 2018. During that interview, defendant stated that he had never shared any pricing information or non-public information with Cajan. The government contends that records and other evidence gathered from the grand jury investigation in the Eastern District of Louisiana proved that statement false. The government further contends that this statement was material to its investigation because it was capable of influencing Department of Energy action in this matter.

On February 25, 2021, the grand jury indicted defendant on two counts. Count one charges defendant with participating in a conspiracy to defraud the United States and violate the Procurement Integrity Act in violation of 18 U.S.C. § 371. Count two charges defendant with knowingly and willfully making a materially false statement in a matter within the jurisdiction of the Department of Energy in violation of 18 U.S.C. § 1001.

In the instant motion, defendant seeks to dismiss count two, arguing that venue in this court is improper for count two because the alleged false statement was made in Opelousas, Louisiana, in the Western District of Louisiana. The government opposes the motion.

## DISCUSSION

The offense charged in count two herein, violation of 18 U.S.C. 1001(a)(2), is a continuing violation. United States v. Brown, 898 F.3d 636, 640 (5th Cir. 2018) ("[T]he catch-all section 1001 false statement crime is a continuing offense. . . ."). The venue statute for continuing offenses provides that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). As such, venue for count two – which alleges that defendant knowingly and willfully made a materially false statement in a matter within the jurisdiction of the U.S. Department of Energy – is proper in any district in which the offense began, continued, or was completed. Id.

"When materiality is a critical component of the statutory definition, it makes perfect sense to consider the crime as continuing into the district in which the effects of the false statement are felt." United States v. Salinas, 373 F.3d 161, 162 (1st Cir. 2004). Because materiality is an element of the charge in count two, in determining venue, the court considers in which district(s) its effects were felt.

While the offense began in the Western District of Louisiana where the defendant made a false statement to federal agents, its effects were felt in the Eastern District of Louisiana. Defendant's statement was made in the context of a federal investigation under way in this

3

district, and had the capacity "to influence, or be capable of influencing, the decision of the decision-making body to which it was addressed, or . . . distract[] government investigators' attention away from a critical matter," namely the DOE OIG investigation underway in this district. United States v. Adekanbi, 675 F.3d 178, 182 (2d Cir. 2012). That investigation focused on defendant's corruption of the procurement process by sharing non-public pricing information with Cajan to favor Cajan in the award of subcontracts at the SPR. The SPR is headquartered in this district, as is defendant's former employer, where bids and invoices submitted by defendant's co-conspirators were received, contract awards were issued, and payments made to defendant's co-conspirators were authorized. The false statement alleged in count two was directed to the core issues in the investigation of the offense in the Eastern District of Louisiana. Therefore, venue is appropriate in this district, and accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion to Dismiss For Improper Venue** (Rec. Doc. 42) is **DENIED**.

New Orleans, Louisiana, this 10th day of May, 2022.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

4